DIXIE LEE HEDRINGTON, on her own behalf and as GUARD-IAN AD LITEM and as next friend for JACQUELYN MONIQUE HEDRINGTON, Plaintiffs

v.

ST. THOMAS HOSPITAL, DR. GORDON T.M. CUMMINS, and MIDWIFE MARGARET CORBETT, Defendants

Civil No. 1988-60

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 23, 1990

LEE J. ROHN, ESQ. (LAW OFFICES OF LEE J. ROHN), St. Croix, V.I., *for plaintiffs*

R. ERIC MOORE, ESQ. (LAW OFFICES OF R. ERIC MOORE), St. Croix, V.I., *for defendants St. Thomas Hospital and Margaret Corbett*

WILFREDO A. GEIGEL, ESQ. (LAW OFFICES OF WILFREDO A. GEIGEL), St. Croix, V.I., *for defendant Dr. Gordon T.M. Cummins*

CARTER, *District Judge*

## MEMORANDUM

THIS MATTER is before the Court on motions by plaintiffs and defendant. Plaintiffs move to amend the caption of complaint to substitute the Government of the Virgin Islands d/b/a St. Thomas Community Hospital for St. Thomas Hospital and also move to continue this matter beyond the scheduled trial calendar ending November 30, 1990. Defendant Dr. Gordon Cummins seeks a protective order releasing him from any obligation to comply with plaintiffs' demand for production of documents propounded on March 6, 1990. For the reasons that follow the Court grants the motion to amend, grants the motion to continue and refers the motion for a protective order to Magistrate Barnard for resolution.

## FACTS AND PROCEDURE

This case arises out of a Medical Malpractice action. On February 23, 1986, plaintiff Dixie Lee Hedrington was admitted to the St. Thomas Community Hospital to give birth. The baby died during birth. Hedrington asserts that the death of the infant was due to negligence of the attending physician Dr. Cummins and the attending midwife Margaret Corbett.

The action commenced on February 22, 1988. After filing the complaint, Hedrington served the summons and complaint on the Governor of the Virgin Islands (the Honorable Alexander A. Farrelly), the Commissioner of Health (Dr. Deborah McGregor), the Attorney General of the United States Virgin Islands (the Honorable Godfrey DeCastro), the Hospital Administrator (Jose Serrano), the attending midwife (Margaret Corbett), and the attending physician (Dr. Gordon T. M. Cummins). The summons and complaint were issued on February 22, 1988. Defendants, St. Thomas Hospital, Dr. Gordon T. M. Cummins and Mid-Wife Margaret Corbett answered the complaint on April 4, 1988.

## DISCUSSION

Plaintiffs assert that the amendment of the caption of the complaint is purposed to clarify the name of the true party in interest and that no substantive changes in the complaint are otherwise being sought. Defendant St. Thomas Hospital, in opposition to the motion to amend, argues that an amendment would be in violation of the Supreme Court's ruling in Schiavoni v. Fortune, 477 U.S 21 (1986).

391

█ Schiavoni in interpreting Rule 15(c)[1] Fed. R. Civ. P. held that for an amended complaint changing the party against whom a claim is asserted to relate back to the date of the original pleading: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in by the amendment must have received such notice of the information of the action that it will not be prejudiced in maintaining its defense on the merits; (3) the party must or should have known that, but for the mistake concerning identity of the proper party, the action would have been brought against it; and (4) notice to the new party, and its knowledge that it was the intended defendant, must come within the prescribed limitations period. Id. at 29. Schiavoni makes clear that "[t]imely filing of the complaint, and notice within the limitations period to the party named in the Complaint, permits imputation of notice to a subsequently named and sufficiently related party." Id.

The incident, which is the basis for the claims asserted in this action, occurred on February 26, 1986. The action was filed on February 22, 1988. Plaintiffs timely filed the complaint within the two year period permitted under Virgin Islands Law.[2] Court records also indicate that plaintiffs served the Attorney General, Governor of the Virgin Islands, Commissioner of Health, Hospital Administrator, attending Midwife, and the attending physician on February 22, 1988. Moreover, it is conceded that the claims asserted under the proposed new caption of the complaint arose out of conduct set forth in the original pleading. Filing the complaint and proffering service on February 22, 1988, to the parties listed above; satisfies the Schiavoni requirements of notice to the Government of the Virgin Islands d/b/a St. Thomas Community Hospital within the limitations period.

---

[1] Rule 15(c) Fed. R. Civ. P. states in pertinent part:
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

[2] The Virgin Islands Statute of limitation in an action for Medical Malpractice is two years. See V.I. Code Ann. tit. 5 § 31 (Equity 1967 & 1990).

■ Here the parties originally served (the Governor, Attorney General, Hospital Administrator, and Commissioner of Health) are the parties designated to receive service on behalf of the Government of the Virgin Islands d/b/a St. Thomas Community. Clearly such direct relationship satisfies the further requirement of knowledge by the Government, that but for the mistaken caption, the complaint was directed against it. Based on these circumstances plaintiffs have complied with the requirements of Rule 15(c) Fed. R. Civ. P. set forth in Schiavoni. Plaintiffs' motion to amend the complaint will be granted.

■ The Court grants the motion for a continuance beyond November 30, 1990 trial schedule with reluctance. This case has been pending since February 22, 1988, an overlong delay in bringing the matter to resolution. The busy schedule of counsel for the parties is not usually a satisfactory basis for continuance, and no further continuances will be granted in this case.

Counsel are requested within a few days of the receipt of this memorandum to agree upon a schedule for the completion of all pretrial preparation and report same to the Court on or before October 29, 1990. Counsel are advised that the schedule, to be acceptable to the Court, must be a reasonable one which readies the case for trial no later than January 1991.

The motion for a protective order is referred to Magistrate Barnard for resolution. An appropriate order will be entered. It is so Ordered this 23rd day of October 1990.

## ORDER

THIS MATTER having come before the Court on motions by plaintiffs and defendant Dr. Gordon T.M. Cummins, and the Court having filed a Memorandum of this date, it is hereby

ORDERED:

THAT the motion to amend the caption and the complaint is GRANTED and the Clerk of the Court is directed to file the amended complaint non pro tunc, and

THAT the motion for continuance beyond the November 30, 1990 trial schedule is GRANTED, and

THAT the motion for a protective order is referred to Magistrate Barnard for resolution.